[Cite as *Plainsboro Partners, III, Ltd. Partnership v. Columbus*, 2016-Ohio-7673.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Plainsboro Partners, III,<br>Limited Partnership, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | | No. 16AP-362 |
| | : | (C.P.C. No. 15CV-8703) |
| City of Columbus, Ohio, | | |
| | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | | |
| | : | |

# D E C I S I O N

## Rendered on November 8, 2016

**On brief:** *Bricker & Eckler LLP, Quintin F. Lindsmith, Jennifer A. Flint* and *Victoria A. Flinn*, for appellee. **Argued:** *Quintin F. Lindsmith.*

**On brief:** *Richard C. Pfeiffer, Jr.,* City Attorney, *Anthony M. Roseboro* and *Sam Abdullah*, for appellant. **Argued:** *Anthony M. Roseboro.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} The city of Columbus is appealing from the judgment of the Franklin County Court of Common Pleas following a bench trial. The city assigns four errors for our consideration:

> [I.] The Trial Court abused its discretion and erred by giving too much weight to the testimony of Albert J. Myers.
>
> [II.] The Trial Court abused its discretion and erred by ignoring evidence and finding the testimony of Appellant's expert witness, Tim Baker, not probative.

[III.] The Trial Court abused its discretion and erred by ignoring evidence and finding the testimony of Appellant's expert witness, Jeff Miller, not probative.

[IV.] The Trial Court abused its discretion and erred by ignoring evidence and finding the testimony of Appellant's expert witness, Franklin County Engineer Dean Ringle, not probative.

{¶ 2} Simply stated, the city of Columbus is alleging that the judgment of the trial court was against the manifest weight of the evidence. The city merely breaks that allegation into four arguments.

{¶ 3} This case began when Plainsboro Partners, III, Limited Partnership ("Plainsboro Partners") and the city of Columbus could not agree upon how much, if anything, the city should pay Plainsboro Partners as a result of the widening of Hard Road in northern Columbus. Eventually Plainsboro Partners filed a mandamus action, seeking a writ to compel the city of Columbus to commence an appropriations action for an alleged taking of property as a result of the widening of Hard Road.

{¶ 4} The mandamus action eventually resulted in a one-day trial to the trial court judge following which the trial court judge issued a 28-page decision carefully discussing all the evidence presented. The judge found that a writ of mandamus should be issued to compel the city of Columbus to initiate an appropriations action for a .091 acre tract of land owned by Plainsboro Partners. It is from this decision that the city now appeals.

{¶ 5} The city's appellate brief really can be distilled down to an argument that the trial court judge should have believed their witnesses and not the witnesses presented by Plainsboro Partners. However, the judge who heard the case went into extended, careful detail to explain her ruling in her 28-page written decision. We can find no fault with the trial court judge's extended analysis and see no reason to repeat it here. We therefore can find no fault with the trial court's weighing of the evidence and with the trial court's judgment.

{¶ 6} As a result, we overrule the four assignments of error and affirm the judgment of the trial court.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.